LFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN ESLER KENNEDY : | CIVIL ACTION | |
| CANDICE BRIDGETTE KENNEDY : | | |
| v. : | | |
| DISTRICT ATTORNEY JOHN : | NO. 15-3077 | |
| MORGANELLI, et al. : | | |

**FILED JUN 18 2015 MICHAEL E. KUNZ, Clerk By_____Dep. Clerk**

**MEMORANDUM**

STENGEL, J.                                           JUNE 18th, 2015

Plaintiffs Joann Esler Kennedy and Candice Bridgette Kennedy bring this civil action based on allegations that they were improperly evicted from their home and subsequently charged with trespassing. Joann seeks leave to proceed *in forma pauperis*.[1] Candice failed to file a motion to proceed *in forma pauperis* or pay the filing fee. Accordingly, she is dismissed without prejudice as a party to this case. The Court will grant Joann leave to proceed *in forma pauperis* and dismiss the complaint.

## I.   FACTS

The complaint alleges that plaintiffs were illegally evicted from their home on March 15, 2013, and that some of their belongings were stolen in the process. Joann was subsequently charged with trespassing. She appears to be alleging that the statute of limitations has expired and that her procedural rights were violated in the process of the criminal proceedings. Publicly available dockets from the Northampton County Court of Common Pleas reflect that Joann was charged with criminal trespass in May and October of 2013. *See Commonwealth v. Kennedy*, Crim. A. Nos. CP-48-CR-0003952-2013 & CP-48-CR-0003062-2013. The Honorable Stephen

---

[1] As plaintiffs have the same surname, the Court will refer to them by their first names.

x c: Legal

G. Baratta has been presiding over those cases, which are being prosecuted by Assistant District Attorney James Augustine.

The complaint names Judge Baratta and ADA Augustine as defendants, as well as District Attorney John Morganelli and Judge Emil Giordano. Joann alleges violations of her constitutional rights pursuant to 42 U.S.C. § 1983, a conspiracy to interfere with her civil rights pursuant to 42 U.S.C. § 1985, as well as violations of the Uniform Commercial Code (UCC) and the Racketeer Influenced and Corrupt Organizations Act (RICO).[2] Joann seeks damages and "administrative due process from the beginning."

## II. STANDARD OF REVIEW

Joann's motion to proceed *in forma pauperis* is granted because it appears that she is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] *She also cites 8 U.S.C. § 1324c, a provision in the Immigration and Nationality Act that has no application here.*

2

## III. DISCUSSION

There are several problems with Joann's claims. First, this Court may not intervene in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Second, to the extent Joann invokes the UCC, her claims are frivolous because the UCC, which applies to commercial transactions, has no application to criminal proceedings. Third, there is no legal basis for a claim under RICO based on any harm Joann suffered in connection with her prosecution. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) ("[I]n construing the federal RICO law, this Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'"). Fouth, ADA Augustine is entitled to absolute prosecutorial immunity because the claims against him appear to be based on his prosecution of claims against Joann on behalf of the Commonwealth. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity shields prosecutors from liability under § 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process," even if those actions are ultimately incorrect or unconstitutional). Fifth, Judge Baratta is entitled to absolute judicial immunity because Joann's claims against him appear to be based on acts he took in his judicial capacity while presiding over Joann's criminal cases. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (judges are immune from liability for acts taken in their judicial capacities unless they acted in the clear absence of jurisdiction). Finally, there is no apparent factual basis for any claims against the remaining defendants, who are likely also entitled to immunity to the extent Joann seeks to raise claims based on those defendants' involvement in prosecuting her or making judicial rulings in her criminal cases.

3

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Joann leave to proceed *in forma pauperis* and dismiss her complaint. Joann will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

6/19/15 mwf.
Kennedy

ENTERED
JUN 1 9 2015
CLERK OF COURT

4